UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FRANCHOT B. TAYLOR,              ) | |
| ) | |
| Plaintiff,              ) | |
| ) | |
| v.              ) | 12-CV-3239 |
| ) | |
| WILLIAM TWADDELL,              ) | |
| TARA GOINS,              ) | |
| RICHARD YOUNG,              ) | |
| JACKIE MILLER,              ) | |
| S.A. GODINEZ,              ) | |
| ) | |
| Defendants.              ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Western Illinois Correctional Center, pursues claims arising from the denial of his request for a religious diet. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a

1

prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the

plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

As part of Plaintiff's practice of the House of Yahweh religion, Plaintiff consumes a kosher or vegetarian diet.  His request for a religious diet was approved in May 2011 at Graham Correctional Center.  Three months later Plaintiff was transferred to Western Correctional Center. He sent a religious diet request to Chaplain Twaddell, but Twaddell did not respond.  Plaintiff then filed a grievance complaining about the lack

of religious services at Western and his need for a religious diet. After Plaintiff filed the grievance, Twaddell further delayed consideration of Plaintiff's request and then ultimately denied the request on the grounds of Plaintiff's lack of sincerity—Twaddell essentially concluded that Plaintiff was seeking the diet for non-religious reasons. Plaintiff's grievance was denied by the other defendants based on Chaplain Twaddell's conclusions. Whether Plaintiff is now receiving his religious diet is unclear.

## ANALYSIS

Prisoners have a First Amendment right to reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the prison. Maddox v. Love, 655 F.3d 709 (7th Cir. 2011); Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009). The Religious Land Use and Institutionalized Persons Act ("RLUIPA") also protects an inmate's right to practice his religion, forbidding a "substantial burden" on that exercise unless the burden furthers a "compelling government interest" and is the "least restrictive means" of achieving that interest. 42 U.S.C. §

2000cc-1(a).  Injunctive relief is available under RLUIPA but damages are not.  Grayson v. Schuler, 666 F.3d 450, 451 (7th Cir. 2012)(RLUIPA "does not create a cause of action against state employees in their personal capacity," but injunctive relief is available).  Only sincerely held religious beliefs are protected, but the denial of a religious practice request on the grounds of insincerity must have a reasonable basis in fact.  Koger v. Bryan, 523 F.3d 789, 797 (7th Cir. 2008)(*citing* Cutter v. Wilkinson, 544 U.S. 709, 725 n. 13 (2005)("[P]rison officials may appropriately question whether a prisoner's religiosity, asserted as the basis for a requested accommodation, is authentic."); Grayson v. Schuler, 666 F.3d 450, 455 (7th Cir. 2012)(no qualified immunity because no indication that defendant "reasonably thought the plaintiff insincere in his religious belief.").

     Plaintiff states a First Amendment claim against Chaplain Twaddell for allegedly delaying and then denying Plaintiff's request for a religious diet.  Whether legitimate reasons exist for those actions must await a more developed record.  Plaintiff may also have a claim for injunctive

relief under RLUIPA if he still has not received his religious diet.

Plaintiff asserts that he also has an Eighth Amendment claim because Twaddell's denial amounted to the wanton infliction of pain. The Court believes that Plaintiff's claim better fits under the First Amendment, but an Eighth Amendment claim will remain in for further development. Plaintiff might be alleging that he was unable to consume enough food to sustain himself because of the delay and denial.

None of the other Defendants are liable simply based on their denial of Plaintiff's grievance. <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007)("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). These Defendants did not violate the Constitution by relying on Twaddell's judgment and conclusions.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for October 22, 2012, is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2)  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states claims against Defendant Twaddell under the First Amendment, RLUIPA, and Eighth Amendment claim based on Twaddell's alleged delay and denial of Plaintiff's request for a religious diet.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) Defendants Goins, Young, Miller, and Godinez are dismissed for failure to state a claim against them.

4) The Clerk is directed to send to Defendant Twaddell pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

5)  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to serve that Defendant and will require that

Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for serving said Defendant. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by

Plaintiff for consideration by the Court, and Plaintiff shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be struck by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on December 3, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly,

no writ will issue for Plaintiff's presence unless directed by the Court.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

12) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED:    October 16, 2012

FOR THE COURT:

                                      s/Sue E. Myerscough
                                    SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE